UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SHELDON ZUCKER,

                Plaintiff,       MEMORANDUM & ORDER
                                        09-CV-4884 (JS)(AKT)
    -against-

FIVE TOWNS COLLEGE and MARTIN COHEN,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Constantino Fragale, Esq.
                    575 White Plains Road
                    Eastchester, NY 10709

For Defendants:   Howard Marc Miller, Esq.
                    Bond, Schoeneck & King
                    1399 Franklin Avenue, Suite 200
                    Garden City, NY 11530

SEYBERT, District Judge:

       On November 10, 2009, Plaintiff Sheldon Zucker filed suit against Defendants Five Towns College ("the College") and Dr. Martin Cohen, asserting age discrimination claims under the ADEA and the New York State Human Rights Law. Defendants have moved to dismiss. For the following reasons, that motion is GRANTED.

## BACKGROUND

      Mr. Zucker is a 69 year old man. (Compl. ¶ 1.) From September 1995 until January 1998, he worked for the College as an admissions field representative. (Id.) In January 1998, he

became Director of Recruitment Services, and held that post until his January 2008 termination. (Id.)

At all times, Mr. Zucker performed his job competently. (Id. ¶ 11.) Due in part to his efforts, the College increased its enrollment from 650 to 1100 students. (Id. ¶ 14.) In return, the College promoted him in 1998 and gave him yearly raises. (Id.) The College never disciplined him or gave him a letter stating that his work performance was unsatisfactory or deficient in any respect. (Id.)

Mr. Zucker's career took a downturn in 2007 when Dr. Cohen took over as Dean of Student Admissions. (Id. at ¶ 15.) Dr. Cohen looked for any excuse to admonish him. (Id.) For instance, Dr. Cohen falsely accused Mr. Zucker of chatting with another admissions field representative during a college fair while failing to pay attention to the people walking by. (Id.)

On January 23, 2008, Defendants fired Mr. Zucker. (Id. at ¶ 17.) Defendants gave Mr. Zucker no reason for terminating him. (Id. at ¶ 17.) Defendants then hired a woman who is 38 years younger to replace him. (Id.)

## DISCUSSION

I. Standard of Review on a Motion to Dismiss

In deciding FED. R. CIV. P. 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, __ U.S. __, 129

2

S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft); Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 595 F.3d 86, 91 (2d Cir. 2010). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

II. Application to Mr. Zucker's Claims

This is a pretty straightforward case. Defendants contend that Mr. Zucker's Complaint fails to comply with the Iqbal/Twombly "plausibility" standard because it identifies no facts suggesting age discrimination other than the College replacing Mr. Zucker with a much younger person. In response, Mr. Zucker argues that his satisfactory work performance combined with his much younger replacement suffice to render his age discrimination claims "more than 'facially plausible.'" (Pl. Opp. Br. at 5).

3

Post-Iqbal/Twombly, Second Circuit district courts have split about whether, in an age discrimination case, a plaintiff's allegations that he performed his job satisfactorily but was nevertheless replaced by someone much younger suffice to state a claim. Some courts have found that such allegations are enough to satisfy the plausibility standard.[1] But other courts have disagreed.[2]

The Court sides with the second view, for two reasons. First, and most importantly, the first view fails to appreciate Iqbal/Twombly's requirement that a complaint contain enough factual allegations to "nudge[]" claims "across the line from conceivable to plausible." Iqbal, 129 S. Ct. at 1951. As the

---

[1] See Kubicek v. Westchester County, 08-CV-0372, 2009 WL 3720155, at *8 (S.D.N.Y. 2009) (pro se plaintiff); LaGrassa v. Autoone Ins. Co., 07-CV-1072, 2008 WL 3887606, at *7-8 (E.D.N.Y. 2008) ("Plaintiff alleges that she satisfactorily performed her job and that she was terminated and replaced by a younger worker. That is sufficient" to survive 12(b)(6) motion); see also Boushie v. U.S. Investigations Service, LLC, 06-CV-1289, 2007 WL 607394, at *4-5 (N.D.N.Y. 2007) (NYSHRL claim, applying the Second Circuit's decision in Twombly, issued before the Supreme Court's decision) (compare 425 F.3d 99, 111 with 550 U.S. 544).

[2] See Foster v. Humane Society of Rochester and Monroe County, Inc., __ F. Supp. 2d __, 2010 WL 2867325, at *5 (W.D.N.Y. 2010) ("Virtually the only allegation that plaintiff has made in that regard is her allegation in the proposed amended complaint that she was replaced by a woman in her early thirties. That is not enough to give rise to an age discrimination claim" under ADEA or NYSHRL); Liburd v. Bronx Lebanon Hosp. Center, 07-CV-11316, 2008 WL 3861352, at *6 (S.D.N.Y. 2008) ("Although Liburd alleges that she was replaced by a younger employee, this, without more, is not enough to survive a motion to dismiss.").

4

Supreme Court has recently recognized in another context, employment decisions "by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments." Engquist v. Oregon Dept. of Agr., 553 U.S. 591, 128 S. Ct. 2146, 2154, 170 L. Ed. 2d 975 (2008). Given that employment decisions involve "subjective, individualized assessments," the College could have had dozens of possible reasons for terminating Mr. Zucker, and for chosing a particular replacement. So, without actual facts suggesting discriminatory animus, age discrimination is just one "possibility" for the College's actions. Iqbal, 129 S. Ct. at 1949. And, consequently, allegations that Mr. Zucker performed his job satisfactory, and that the College then fired him and replaced him with someone younger, by themselves, fail to raise his "right to relief above [a] speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Second, as Western District of New York Judge David G. Larimer recently reasoned, if such barebones allegations sufficed to state a claim, "then any time an ADEA-covered employer terminated an employee over age forty, the employer would be unable to replace that employee with someone younger[] without exposing itself to potential liability for age

5

discrimination."[3] And Defendants similarly argue, correctly noting that "[e]very employee is a member of multiple protected classes." (Def. Br. at 9.) Thus, "unless a terminated employee is being replaced by a virtual clone, his/her replacement" will almost certainly "be outside of one of the Plaintiff's protected classes (e.g., could be younger and/or a different gender, race, religion, national origin)." (Id.) The Court agrees with this reasoning. And the Court has no desire to abrogate FED. R. CIV. P. 8's gate-keeping function in employment discrimination cases, enabling nearly every fired employee to subject his employer to burdensome, expensive discovery.

Accordingly, the Court finds that allegations concerning Mr. Zucker's satisfactory work performance, termination, and much younger replacement do not – by themselves – suffice to plead an age discrimination claim.

That being said, Mr. Zucker does allege slightly more. Specifically, Mr. Zucker also alleges that Defendants (and sometimes Dr. Cohen specifically) subjected him to "pretextual" criticism for: (1) chatting with another admissions representative during a college fair; and (2) failing to prevent a 40 student drop in enrollment. (Compl. ¶¶ 15-16). And, while Mr. Zucker does not expressly argue that these allegations help

---

[3] Foster, 2010 WL 2867325, at *5

6

to "nudge" his claims "across the line from conceivable to plausible," his opposition papers do reference them. Iqbal, 129 S. Ct. at 1951; (Pl. Opp. Br. at 4-5). So the Court should consider his Complaint in light of them.

Having done so, the Court finds that – although it is a close call – Mr. Zucker's pretext-based allegations do not amplify the Complaint enough to render his age discrimination claims plausible. First, Mr. Zucker does not explicitly allege that Defendants' criticisms were a pretext for age discriminatory animus. And he pleads no facts to permit such an inference. For instance, he does not allege that Defendants didn't criticize younger employees for similar conduct, otherwise treated younger employees better, or made ageist comments. So, even if the Court credited Mr. Zucker's largely conclusory allegation that he received pretextual criticism, it is purely speculative to infer that the criticism was a "pretext" for age discrimination instead of something entirely different, such as personal dislike for Mr. Zucker.

Second, accepting the Complaint's allegations as true, at least one of the supposedly pretextual criticisms had a valid basis: student enrollment falling by 40 students. True, Mr. Zucker believes that the decline resulted from higher tuition and reduced scholarships. (Compl. ¶ 16). But, taken together, those allegations suggest only that Dr. Cohen's criticism was

unfair, not that it was a pretext for age discrimination. See, generally, Giovelli v. LA Fitness, Inc., 10-CV-0298, 2010 WL 415289, at *2, 2010 U.S. Dist. LEXIS 6958, *4 (E.D.N.Y. 2010) ("it is not the province of the Court to sit as a super-human resources department").

It follows then Mr. Zucker's largely conclusory allegations of pretextual criticism do not amplify his claims enough to survive Defendants' Rule 12(b)(6) motion. See generally Landavazo v. Toro Co., 301 Fed. Appx. 333, 336 (5th Cir. 2008) (unpublished) (conclusory allegation that reason for termination was pretextual did not suffice to state a claim); Church v. Kare Distribution, Inc., 05-CV-2800, 2005 WL 2675064, at *3 (S.D. Tex. 2005) (conclusory allegation that language policy was pretextual not enough to survive motion to dismiss). So they cannot save Mr. Zucker's Complaint from dismissal.

III. Leave to Amend

Mr. Zucker has not formally requested leave to amend. Nevertheless, leave to amend should be freely granted. See Elmowitz v. Executive Towers at Lido, LLC, 571 F. Supp. 2d 370, 381 (E.D.N.Y. 2008). And the Complaint's defects are potentially curable. Accordingly, the Court gives Mr. Zucker thirty (30) days to seek leave to amend and file a proposed Amended Complaint.

CONCLUSION

Defendant's motion to dismiss is GRANTED. Mr. Zucker has thirty (30) days to seek leave to amend and file a proposed Amended Complaint. If he fails to do so within this timeframe, the Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
August  18 , 2010